UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FILED IN OPEN COURT**
8·24·2021

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:20-cr-119-TJC-MCR

THOMAS LESTER HAZOURI, JR.

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, THOMAS LESTER HAZOURI, JR., and the attorney for the defendant, Henry M. Coxe III, mutually agree as follows:

**A.**     **Particularized Terms**

1.     **Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with knowing distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1).

2.     **Minimum and Maximum Penalties**

Count One is punishable by a mandatory minimum term of imprisonment of not less than 5 years and not more than 20 years, a fine of $250,000, or both, a term of supervised release of not less than 5 years, or life, and a special assessment of $100, said special assessment due on the date of sentencing. Pursuant

Defendant's Initials _____                            AF Approval _MT_

to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 2 years.  With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663, 3663A and 3664, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community.  Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

Pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of not more than $35,000 per count on any defendant convicted of an offense in violation of 18 U.S.C. § 2252(a)(2).  Pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment per count on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act

Defendant's Initials _____        2

(exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. **Elements of the Offense**

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:  That the defendant knowingly distributed one or more matters that contained visual depictions;

Second:  That such visual depictions were shipped and transported using a means or facility of interstate and foreign commerce, that is, by cellular telephone and computer via the internet;

Third:  That the production of such visual depictions involved the use of at least one minor child engaging in sexually explicit conduct;

Fourth:  That such visual depictions were of at least one minor child engaged in sexually explicit conduct; and

Fifth:  That the defendant knew that at least one of the performers in such visual depictions was a minor child and knew that the visual depictions were of such a minor engaged in sexually explicit conduct.

4. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials                     3

5.   **Restitution to Any Minor Victims of Offenses Committed by Defendant, Whether Charged or Uncharged**

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.  The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

6.   **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the

Defendant's Initials _____        4

Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following:

    a.    an Apple iPhone XR model N841AP device, S/N F71XHFX0KXKN;

Defendant's Initials        5

b.  an Apple MacBook Pro laptop computer, S/N
W8946WGC66D, and internal disk drive; ~~and~~ *OMR*

c.  ~~a Samsung Notebook 9 Pro laptop computer, model~~ *OMR*
    ~~NP940X3M, S/N 0RUH91CJ604352E, and internal solid state~~ *OMR*
    ~~drive;~~

*H vec*
*DH*

which assets were used to distribute, receive, and possess visual depictions of minors

engaging in sexually explicit conduct, or which contain evidence of one or more of

these offenses.

*The United States
agrees to [strikethrough]
make best efforts
to return to
defendant
any non-
evidentiary
photos
on/of these
devices.
(a. + b.)
DAN
H vec
DH*

The defendant agrees and consents to the forfeiture of these assets

pursuant to any federal criminal, civil judicial or administrative forfeiture action.

The defendant also agrees to waive all constitutional, statutory and procedural

challenges (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds,

including that the forfeiture described herein constitutes an excessive fine, was not

properly noticed in the charging instrument, addressed by the Court at the time of

the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the

Factual Basis below provides a sufficient factual and statutory basis for the forfeiture

of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the

defendant agrees that the preliminary order of forfeiture will satisfy the notice

requirement and will be final as to the defendant at the time it is entered. In the event

the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture

Defendant's Initials _____    6

order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the

Defendant's Initials _____                7

government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Defendant's Initials _____       8

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

8.    **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials _____          9

B.    **Standard Terms and Conditions**

1.    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____        10

2.   **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials                     11

5.  **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _____       12

6. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the

Defendant's Initials _____   13

defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.  **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.  **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.  **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials _____                 14

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _____        15

11.  **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.  **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____      16

13.    **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ____ day of _____, 2021.

KARIN HOPPMANN
Acting United States Attorney

THOMAS LESTER HAZOURI, JR.
Defendant

D. RODNEY BROWN
Assistant United States Attorney
Senior Litigation Counsel

HENRY M. COXE III
Attorney for Defendant

KELLY S. KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____          17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO. 3:20-cr-119-TJC-MCR

THOMAS LESTER HAZOURI, JR.

## PERSONALIZATION OF ELEMENTS

1.      On or about March 26, 2020, in the Middle District of Florida, did you knowingly distribute matters that contained visual depictions?

2.      Do you admit that these visual depictions were shipped and transported using facilities of interstate commerce, that is, using a particular social messaging application (app) using a cellular telephone over the internet?

3.      Do you admit that the production of such visual depictions involved the use of prepubescent minor engaging in sexually explicit conduct including, among other things, oral-to-genital sexual intercourse between a minor male and an adult female?

4.      Do you admit that these visual depictions were of minors engaging in sexually explicit conduct?

5.      Do you admit that you knew that at least one of the performers in each of these visual depictions was a minor and that you knew that the visual depictions were of such minors engaged in sexually explicit conduct?

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 3:20-cr-119-TJC-MCR

THOMAS LESTER HAZOURI, JR.

### FACTUAL BASIS

On March 26, 2020, between 19:47:15 UTC[1] and 20:58:22 UTC, defendant,
Thomas Lester Hazouri, Jr., using the user name "mybfsgaynotme" and Internet
Protocol (IP) address 23.113.246.250, uploaded and distributed over the internet four
videos depicting minors engaging in sexually explicit conduct to the public group
chat room of a popular online social messaging application (the "App").  At the time
of this distribution, this online chat room was populated virtually by 46 different
users.  For instance, on that day at 19:58 UTC, Hazouri uploaded and distributed a
video that depicted a prepubescent male child being sexually assaulted (through oral
to genital sexual intercourse) by an adult female.  Administrators for the App
discovered this distribution of contraband and reported it to the National Center for
Missing and Exploited Children (NCMEC).  The company that owns and operates
the App provided NCMEC with subscriber information about this user account,

---

[1] UTC is an acronym for "Universal Time Coordinated," formerly known as
"Greenwich Mean Time. UTC time is a standard time set at longitude 0° and is
either four or five hours ahead of Eastern Time, depending on the time of year.

Defendant's Initials 

including two email addresses for the user account, "tommyhazouri@gmail.com" and "Illestknickas@gmail.com," the user name for this account, "mybfsgaynotme," and IP address 23.113.246.250 that was used for this distribution. NCMEC routinely receives such information, in a format referred to as a "CyberTip," from individuals and business entities regarding the possible sexual exploitation and abuse of children.

On May 1, 2020, the Jacksonville Sheriff's Office (JSO) received this CyberTip report (CT) #68235908 from NCMEC containing the information received from the App, and a search warrant was obtained for the materials contained therein and confirmed that the content included the four child sexual abuse videos referenced above. Further investigation revealed the internet service provider (AT&T) subscriber account that used IP address 23.113.246.250 to distribute the videos on March 26, 2020 resolved to the subscriber identified as "Tommy Hazouri" with a physical service address for Hazouri's residence located in Jacksonville Beach, Florida.

Search warrants were issued for the "mybfsgaynotme" account on the App and the "tommyhazouri@gmail.com" email account. The "mybfsgaynotme" account contained, among other things, 19 images and 45 videos depicting minors engaging in sexually explicit conduct, as well as a video depicting Hazouri in his residence. The "tommyhazouri@gmail.com" email account contained several files depicting child erotica, as well as self-produced pictures and videos depicting Hazouri. At least one email in this account referenced the use of the user name "mybfsgaynotme" on the App.

Defendant's Initials                 2

On August 6, 2020, JSO detectives and other personnel executed a search warrant at Hazouri's residence in Jacksonville Beach. Hazouri was at the residence. Outside of the residence, Hazouri agreed to speak with Det. Means. He was provided a copy of the search warrant and advised that the investigation involved child pornography. He stated, among other things, "I don't mess with computers at all in that way." Despite being told that he was not being detained and was free to leave, Hazouri continued to make unsolicited statements, including that this situation was "so embarrassing" and "I don't mess with kids like that."

During the execution of the search warrant, JSO personnel located Hazouri's Apple iPhone XR cellular phone (seized from a dresser in his bedroom), an Apple MacBook Pro laptop computer (seized from a closet in his bedroom), and several other items of evidence. The Apple iPhone XR ("iPhone XR") contained 123 images and three videos depicting minors engaging in sexually explicit conduct. Seven of the images involved an infant or a toddler-age child. The iPhone XR also contained search terms that were indicative of child sexual exploitation materials. The three videos on the iPhone XR visually appeared to be the same content as three of the videos contained in the original CyberTip to NCMEC. The email address "tommyhazouri@gmail.com" reported in CT #68235908 was the same email address used for several user accounts on the iPhone XR. The Apple MacBook Pro ("MacBook") was named "tommy hazouri's MacBook Pro" and only had one user-defined account, which was password-protected. The email address "tommyhazouri@gmail.com" was the email account used for the MacBook.

Defendant's Initials _____     3

Hazouri acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.

Defendant's Initials _____                4